Presented to the Court by the foreman of 'a'
Grand Jury in open Court, in the presence of
the Grand Jury and FILED in The U.S.
DISTRICT COURT at Seattle, Washington.

.....*January 28*........ 20.**03**.
BRUCE RIFKIN,   Clerk

By *Jennifer Arent·Zachary* Deputy

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. **CR03  0037 L** |
| Plaintiff, | |
| v. | INDICTMENT |
| STEVEN N.S. CHEUNG and LINDA SU CHEUNG, | |
| Defendants. | |

CR 03-00037 #00000001

The Grand Jury charges:

## COUNT 1
### (Conspiracy to Defraud the United States)

At all times relevant to this Indictment:

## GENERAL ALLEGATIONS

1.      STEVEN N.S. CHEUNG and LINDA SU CHEUNG, husband and wife, were, and remain as, United States citizens. Their principal residence in the United States was located in Seattle, Washington.

2.      The State of Washington was a community property state, which generally requires that each spouse hold a fifty percent share of the total marital assets.

3.      STEVEN N.S. CHEUNG was employed at the University of Hong Kong as a Professor of Economics. He worked and lived in Hong Kong during most of the year, and annually returned to his residence in the United States. As such, he also maintained a residence in Hong Kong.

INDICTMENT/STEVEN N S CHEUNG and LINDA SU CHEUNG - 1

4.     LINDA SU CHEUNG primarily lived in the United States at her and her husband's residence in Seattle, Washington.

5.     STEVEN N.S. CHEUNG had two children, both of whom resided primarily in Seattle, Washington.

6.     STEVEN N.S. CHEUNG was also the actual and beneficial owner of profitable businesses in Hong Kong. Some of these businesses operated public parking lots throughout Hong Kong. As such, these commercial parking lots, which numbered in excess of fifty at any one time, generated tens of millions of dollars in gross receipts annually. These businesses included, among others, WEST COAST INTERNATIONAL (a sole proprietorship), and WEST COAST INTERNATIONAL (PARKING) LIMITED and its parent, WEST COAST INTERNATIONAL LIMITED.

7.     Hong Kong corporations were required to file Annual Returns with the Hong Kong Department of Inland Revenue, Registrar of Companies, on which the corporations reported the names and addresses of its stockholders, and the distribution of its shares of stock.

8.     LINDA SU CHEUNG was the registered owner of some of the shares of stock of WEST COAST INTERNATIONAL LIMITED.

9.     At times, STEVEN N.S. CHEUNG was the registered owner of some of the shares of stock of WEST COAST INTERNATIONAL (PARKING) LIMITED and its parent company, WEST COAST INTERNATIONAL LIMITED.

10.     From at least January 1, 1993, through April 30, 1995, WEST COAST INTERNATIONAL was a sole proprietorship, owned by STEVEN N.S. CHEUNG, doing business on the 12th Floor of the West Coast International Building, located at 290-296 Un Chau Street, Kowloon.

11.     From at least January 1, 1993, through the present, WEST COAST INTERNATIONAL (PARKING) LIMITED and its parent company, WEST COAST INTERNATIONAL LIMITED, were Hong Kong corporations doing business on the

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1 | 12th Floor of the West Coast International Building, at 290-296 Un Chau Street, Kowloon.

2 |     12.    The Defendants utilized the services of an accounting firm in Bellevue,

3 | Washington, to prepare their U.S. Individual Income Tax Returns (Forms 1040), and

4 | other returns.  STEVEN N.S. CHEUNG and LINDA SU CHEUNG each filed their

5 | Forms 1040 on the married-filing-separate basis.

6 |     13.    On July 1, 1997, the British Government relinquished its administrative

7 | responsibility of Hong Kong in the handover of its colony to the People's Republic of

8 | China, after which Hong Kong became the Special Administrative Region of the

9 | People's Republic of China.

10 | **THE CHARGE**

11 |     14.    From on or about August 5, 1989, and continuing through the date of this

12 | Indictment, the exact dates being unknown to the Grand Jury, in the Western District of

13 | Washington and elsewhere, the Defendants, STEVEN N.S. CHEUNG and LINDA SU

14 | CHEUNG, did unlawfully and knowingly conspire, combine, confederate, and agree

15 | together and with each other and with other persons both known and unknown to the

16 | Grand Jury,

17 |     a.    to defraud the United States of America and the Internal Revenue Service

18 | by impeding, impairing, obstructing, and defeating, through deceit, craft, trickery, and

19 | dishonest means, the lawful governmental functions of the Internal Revenue Service

20 | (IRS) in the ascertainment, computation, assessment, and collection of revenue, that is,

21 | income taxes; and

22 |     b.    to commit offenses against the United States of America; that is, to

23 | willfully make and subscribe, under the penalty of perjury, U.S. Individual Income Tax

24 | Returns (Forms 1040) that were false and fraudulent as to material matters, in violation

25 | of Title 26, United States Code, Section 7206(1).

26 |

27 |

28 |

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1

## OVERVIEW OF THE SCHEME TO DEFRAUD THE IRS

2    15.    The Internal Revenue Code and associated regulations provide that an
3  individual's gross income includes all income from whatever source derived.  This
4  definition of income has been held to encompass all accessions to wealth, clearly realized,
5  and over which the taxpayers have complete dominion.  A gain constitutes taxable income
6  when its recipient has such control over it that, as a practical matter, he or she derives
7  readily realizable economic value from it.  United States citizens are required to report on
8  their U.S. Individual Income Tax Returns (Forms 1040) all income, including their
9  worldwide income, from whatever source derived, to include:  wages, salaries, interest,
10  dividends, bonuses, rental income, gross income from a business, and compensation for
11  services rendered, such as fees, commissions, fringe benefits, and similar items.

12    16.    From at least 1989 through 1998, STEVEN N.S. CHEUNG derived
13  millions of dollars of income from and through his parking lot operations and other
14  business sources in Hong Kong.  As his wife, LINDA SU CHEUNG derived part of this
15  income as her one-half share of the marital assets in the State of Washington, a
16  community property state.  Although a significant portion of their income remained in
17  Hong Kong, the Defendants transferred a substantial amount of this income to the
18  United States which was utilized by them, and by others on their behalf, to acquire
19  valuable assets, properties, and investments in Western Washington and elsewhere, and
20  to support the Defendants' living expenses and lifestyles here and abroad.

21    17.    To this end, the conspirators distributed and diverted corporate funds from
22  the Hong Kong parking lots and other business operations to the Defendants and their
23  nominees.  The disbursement and diversion of corporate funds, in the manners described
24  herein and otherwise, conferred an economic value and benefit to the Defendants and
25  produced an accession to wealth, which gain they never reported or included as income
26  on their federal tax returns.

27

28

## OBJECTS OF THE CONSPIRACY

18. It was a part and object of the conspiracy that, during the period August 5, 1989, through the date of this Indictment, the Defendants, and others known and unknown, attempted to conceal from their American tax advisors and the Internal Revenue Service STEVEN N.S. CHEUNG'S actual and beneficial control and ownership of the parking lot operations and other businesses in Hong Kong and, thus, disguise taxable income derived by the Defendants and required to be reported by them on their income tax returns in the United States.

19. It was further a part and object of the conspiracy that the Defendants and others utilized a web of corporations and other entities in Hong Kong, the Marshall Islands, the British Virgin Islands, and the United States, including, among others, the following: WEST COAST INTERNATIONAL (PARKING) LIMITED; WEST COAST INTERNATIONAL LIMITED; CELINAL LIMITED MARSHALL ISLANDS; CELINAL LIMITED BRITISH VIRGIN ISLANDS; IMPERIAL WEST INC., YINKAY HERITAGE INC.; STEVEN N.S CHEUNG, INC.; WEST COAST LAND INVESTMENTS INC.; IMPERIAL GARDEN INC.; DOW ELCO INC., and; THESAURUS FINE ARTS INC.

20. It was further a part and object of the conspiracy that the Defendants, and others, created and used these entities in such a manner to accomplish one or more of the following objectives:

      a. to conceal STEVEN N.S. CHEUNG'S actual and beneficial control of the parking lot operations by removing or by not including the name of STEVEN N.S. CHEUNG as the true and beneficial owner of these entities, as reported in public filings and registrations required by the Hong Kong and American regulatory authorities;

      b. to disguise the true source of millions of dollars of funds transferred directly to the Defendants, their nominees, or their investments in the United States and elsewhere;

1    c.    to inhibit the Defendants' American tax advisors from correctly
2    identifying some or all of the transferred funds as taxable income of the
3    Defendants; and

4    d.    to prevent the Internal Revenue Service from ascertaining the
5    correct amount of income derived by the Defendants, and the true source of that
6    income, and the accurate computation of their taxes.

7    21.    It was further a part and object of the conspiracy that the Defendants, and
8    others on their behalf, used cash and wire transfers of cash extensively in such a manner
9    as to conceal the source and disposition of the funds, and to attempt to prevent the
10   tracing of funds.

11   22.    It was further a part and object of the conspiracy that STEVEN N.S
12   CHEUNG, and others on his behalf and at his direction, took cash directly from the
13   parking lot receipts in Hong Kong and did not report that cash to any governmental
14   taxing authority.

15   ## MANNER AND MEANS BY WHICH THE CONSPIRACY
     ## WAS CARRIED OUT
16

17   23.    Among the manner and means by which the Defendants and others sought
18   to accomplish the conspiracy, and to further its objectives, were the following:

19   24.    STEVEN N.S. CHEUNG and LINDA SU CHEUNG fraudulently
20   concealed information from the Internal Revenue Service knowing that such
21   information was relevant and material to the correct ascertainment of their income and
22   the true source of that income, and the accurate computation of their taxes, as follows:

23   a.    by failing to disclose that STEVEN N.S. CHEUNG owned the
24   parking lot operation known as WEST COAST INTERNATIONAL (a sole
25   proprietorship) and failing to report his gross income derived from that business
26   on the Defendants' Forms 1040;

27   b.    by failing to disclose that STEVEN N.S. CHEUNG was the actual
28   and beneficial owner of WEST COAST INTERNATIONAL (PARKING)

1  LIMITED and its parent companies, WEST COAST INTERNATIONAL

2  LIMITED and CELINAL LIMITED, and other businesses;

3        c.    by failing to disclose that LINDA SU CHEUNG was the registered

4  owner of some of the shares of stock of WEST COAST INTERNATIONAL

5  LIMITED;

6        d.    by failing to disclose the income, expenses, assets, liabilities,

7  earnings and profits, and shareholder data relating to the Hong Kong

8  corporations, and;

9        e.    by failing to report on their Forms 1040 the distribution of income

10  to one or both of the Defendants through and from the Hong Kong corporations.

11      25.    The Defendants willfully concealed from the Secretary of the Treasury the

12  existence of several foreign bank accounts, in which they had a financial interest or

13  signature and other authority, and into which substantial funds from the parking lot

14  operations and other sources were deposited or transferred.

15      26.    STEVEN N.S. CHEUNG and LINDA SU CHEUNG, and others on their

16  behalf, fraudulently concealed information from their American tax advisors, knowing

17  that such information was relevant and material to the correct ascertainment of their

18  income – and the true source of that income – and to the accurate preparation of the

19  Defendants' income tax returns, as follows:

20        a    by failing to disclose that STEVEN N.S. CHEUNG owned the

21  parking lot operation known as WEST COAST INTERNATIONAL and failing

22  to report his gross income derived from that business;

23        b.    by failing to disclose that STEVEN N.S. CHEUNG was the actual

24  and beneficial owner of WEST COAST INTERNATIONAL (PARKING)

25  LIMITED and its parent companies, WEST COAST INTERNATIONAL

26  LIMITED and CELINAL LIMITED, and other businesses;

27

28

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

c.      by failing to disclose that LINDA SU CHEUNG was the registered owner of some of the shares of stock of WEST COAST INTERNATIONAL LIMITED;

d.      by failing to disclose the income, expenses, assets, liabilities, earnings and profits, and shareholder data relating to these Hong Kong corporations;

e.      by failing to disclose that the Hong Kong corporations, and other entities, had issued numerous checks to STEVEN N.S. CHEUNG and had transferred substantial funds into his personal bank accounts in Hong Kong, and;

f.      by failing to disclose the existence of several foreign bank accounts in which they had a financial interest or signature and other authority, and into which substantial funds from the parking lot operations and other sources were deposited or transferred.

27.     STEVEN N.S. CHEUNG and LINDA SU CHEUNG, and others on their behalf, provided false and misleading information to their American tax advisors, knowing that such information was relevant and material to the correct ascertainment of their income – and the true source of that income – and to the accurate preparation of the Defendants' income tax returns, as follows:

a.      by misrepresenting that foreign citizens owned WEST COAST INTERNATIONAL (PARKING) LIMITED and WEST COAST INTERNATIONAL LIMITED; and

b.      by misrepresenting the actual source and true nature of millions of dollars of funds transferred from banks in Hong Kong to bank accounts in the United States owned and controlled by the Defendants.

## **OVERT ACTS**

28.     To effect the objects of the conspiracy, the Defendants and other conspirators committed, and caused to be committed, overt acts in the furtherance of this conspiracy, including, but not limited to, the following:

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1    **Formation of WEST COAST INTERNATIONAL (PARKING) LIMITED:**

2    29.    On or about August 22, 1991, STEVEN N.S. CHEUNG reported his

3    acquisition of Parklink International Limited, a Hong Kong corporation, which was later

4    named as WEST COAST INTERNATIONAL (PARKING) LIMITED, by filing an

5    Annual Return reporting the ownership of the shares as follows:

6        CELINAL LIMITED Marshall Islands – 1 Share

7        D.K. – 1 Share

8    30.    On or about February 7, 1994, one or more conspirators filed an Annual

9    Return, which reported the ownership of shares of stock of WEST COAST

10   INTERNATIONAL (PARKING) LIMITED, as follows:

11       WEST COAST INTERNATIONAL LIMITED – 9,998 Shares

12       STEVEN N.S. CHEUNG – 1 Share

13       C.H.W. – 1 Share

14   31.    On or about April 14, 1994, one or more conspirators reported the increase

15   in the allotment of shares of stock of WEST COAST INTERNATIONAL (PARKING)

16   LIMITED to Five Million (5,000,000) Shares, by filing a Return of Allotments which

17   reported the ownership of the shares as follows:

18       WEST COAST INTERNATIONAL LIMITED – 4,999,998 Shares

19       STEVEN N.S. CHEUNG – 1 Share

20       C.H.W. – 1 Share

21   32.    On or about July 23, 1998, one or more conspirators filed an Annual

22   Return, which reported the ownership of shares of stock of WEST COAST

23   INTERNATIONAL (PARKING) LIMITED, as follows:

24       WEST COAST INTERNATIONAL LIMITED – 4,999,999 Shares

25       CELINAL LIMITED British Virgin Islands – 1 Share

26

27

28

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

**Formation of WEST COAST INTERNATIONAL LIMITED**:

33.     On or about August 5, 1989, STEVEN N.S. CHEUNG and LINDA SU CHEUNG acquired Mangine Investments Limited, a Hong Kong corporation, which was renamed WEST COAST INTERNATIONAL LIMITED.

34.     On or about February 11, 1991, one or more conspirators filed an Annual Return, which reported the ownership of the shares of stock of WEST COAST INTERNATIONAL LIMITED, as follows:

LINDA SU CHEUNG – 9,998 Shares

STEVEN N.S. CHEUNG – 1 Share

SO YIN KAY – 1 Share

35.     On or about February 8, 1992, one or more conspirators filed an Annual Return, which reported the ownership of the shares of stock of WEST COAST INTERNATIONAL LIMITED, as follows:

LINDA SU CHEUNG – 9,998 Shares

STEVEN N.S. CHEUNG – 1 Share

CELINAL LIMITED, Marshall Islands – 990,001 Shares

36.     On or about November 13, 1997, one or more conspirators filed an Annual Return, which reported the ownership of the shares of stock of WEST COAST INTERNATIONAL LIMITED, as follows:

LINDA SU CHEUNG – 1 Share

CELINAL LIMITED, British Virgin Islands – 4,999,999 Shares

**Formation of CELINAL LIMITED**:

37.     On or about April 29, 1991, STEVEN N.S. CHEUNG caused the formation of CELINAL LIMITED, a bearer share corporation created in the Marshall Islands. The term "CELINAL" was an amalgamation of the names of LINDA SU CHEUNG and the names of both children of STEVEN N.S. CHEUNG.

38.     On or about May 16, 1997, STEVEN N.S. CHEUNG caused the formation of CELINAL LIMITED, a bearer share corporation in the British Virgin Islands.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## Formation and Operation of YINKAY HERITAGE INC.:

39.     On or about October 19, 1994, LINDA SU CHEUNG filed with the Washington Secretary of State's office the Articles of Incorporation for YINKAY HERITAGE INC.  The Defendant operated this corporation primarily from her and her husband's residence on Lake Washington, in Seattle, Washington.  The Defendant reported that all shares of stock of YINKAY HERITAGE INC. were held by WEST COAST INTERNATIONAL LIMITED of Hong Kong, and she listed the names of her relatives as the officers of the American corporation.

40.     On or about October 21, 1994, LINDA SU CHEUNG opened a checking account in Seattle, Washington, at SeaFirst National Bank (now known as Bank of America), account number 38773107, in the name of YINKAY HERITAGE INC.

41.     On or about October 27, 1994, one or more conspirators caused the wire transfer of USD $500,000 from the account of WEST COAST INTERNATIONAL LIMITED at Daiwa Bank in Hong Kong to the account of YINKAY HERITAGE INC. at SeaFirst National Bank, in Seattle, Washington.

42.     On or about October 31, 1994, LINDA SU CHEUNG caused the transfer of funds in the amount of USD$396,162.78, from the checking account of YINKAY HERITAGE INC. at SeaFirst National Bank to Skagit State Bank in western Washington, to accomplish the purchase of a family waterfront home at Deception Pass in Anacortes, Washington.

43.     On or about July 25, 1995, the Defendants signed a Borrowing Agreement between SeaFirst National Bank and YINKAY HERITAGE INC., for the purpose of borrowing USD$294,465 to purchase a 44-foot SeaRay yacht, and STEVEN N.S. CHEUNG personally guaranteed the loan.

44.     In or around July 1995, STEVEN N.S. CHEUNG took cash from the parking lot operations in Hong Kong in the amount of HKD$928,838 (equivalent to USD$119,695.00).

1     45.     On or about July 26, 1995, STEVEN N.S. CHEUNG caused the delivery

2  of approximately HKD$929,390 in currency (equivalent to USD$120,000) to Daiwa

3  Bank in Hong Kong for the same-day transfer of funds to the account of YINKAY

4  HERITAGE INC. at SeaFirst National Bank, in Seattle, Washington.

5     46.     On or about July 29, 1995, LINDA SU CHEUNG wrote check number

6  543, in the amount of USD$65,810, on the account of YINKAY HERITAGE INC. at

7  SeaFirst National Bank, for the downpayment on the "Westwind," the Defendants' 44-

8  foot SeaRay yacht that was titled in the name of YINKAY HERITAGE INC.

9     47.     In or around the years indicated below, the Defendants caused the wire

10  transfer of funds from the account of WEST COAST INTERNATIONAL LIMITED at

11  Daiwa Bank in Hong Kong to the account of YINKAY HERITAGE INC. at SeaFirst

12  National Bank, in Seattle, Washington, in the following aggregate amounts:

| | | Year | Amounts (Shown in U.S. Dollars) |
|---|---|---|---|
| a. | | 1994 | $    500,000.00 |
| b. | | 1995 | $    219,838.00 |
| c. | | 1996 | $    487,057.22 |
| d. | | 1997 | $ 1,185,322.08 |
| e. | | 1998 | $    139,946.00 |

19     48.     On or about the following dates, LINDA SU CHEUNG filed with the

20  Internal Revenue Service, Forms 1120, U.S. Corporation Income Tax Returns, for

21  YINKAY HERITAGE INC., for the stated calendar years:

| | | Filing date | Calendar Year |
|---|---|---|---|
| a. | | August 11, 1995 | 1994 |
| b. | | March 18, 1996 | 1995 |
| c. | | March 10, 1997 | 1996 |
| d. | | March 16, 1998 | 1997 |
| e. | | March 21, 1999 | 1998, |

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  which said returns reported that WEST COAST INTERNATIONAL LIMITED in Hong

2  Kong had invested or loaned funds to YINKAY HERITAGE.

3  **Transfers to AEA Bank**:

4  49      On or about the following dates, in the amounts stated, STEVEN N.S.

5  CHEUNG caused the transfer of funds from the account of WEST COAST

6  INTERNATIONAL LIMITED, at Daiwa Bank in Hong Kong, to Frontier Bank, in

7  Everett, Washington, to purchase an investment on his behalf in Asia Europe Americas

8  Bank, located in Seattle, Washington:

| | Date | Amounts (shown in U.S. Dollars) |
|---|---|---|
| a. | August 16, 1995 | $500,000 |
| b. | November 29, 1995 | $193,000 |

12  **Transfers through WEST COAST LAND INVESTMENTS, INC.**:

13  50.     In or around the following years, in the amounts stated, one or more of the

14  conspirators transferred funds from Hong Kong banks to WEST COAST LAND

15  INVESTMENTS INC., a subsidiary of STEVEN N.S. CHEUNG INC., a Washington

16  State corporation, and classified the transfers either as "interest free loans" or as

17  payments from the brother of STEVEN N.S. CHEUNG:

| | Year | Amounts (Shown in U.S. Dollars) |
|---|---|---|
| a. | 1993 | $ 1,439,910 |
| b. | 1994 | $   289,940 |
| c. | 1995 | $   549,856 |
| d. | 1996 | $ 3,088,456 |
| e. | 1997 | $ 2,253,556 |

24  **Transfers to DOW ELCO, INC.**:

25  51.     On or about December 30, 1997, STEVEN N.S. CHEUNG caused the

26  transfer of USD$3,500,000 from ABSA Asia, Ltd., in Hong Kong, to an account at

27  Prudential Securities in Los Angeles, California, to purchase DOW ELCO, INC., an

28  airplane parts manufacturing company in Montebello, California.

**Opening of Certain Bank Accounts in Hong Kong and Seattle**:

52.     On or about August 18, 1989, STEVEN N.S. CHEUNG caused the opening of a checking account at Daiwa Bank in Hong Kong, account number 850-008-001888, in the name of WEST COAST INTERNATIONAL LIMITED.

53.     On or about August 18, 1989, LINDA SU CHEUNG signed a Power of Attorney, which gave her signature or other authority over all Daiwa Bank accounts for which STEVEN N.S. CHEUNG also had signature authority.

54.     On or about April 9, 1991, LINDA SU CHEUNG caused the opening of an account at SeaFirst National Bank in Seattle, account number 87914438, in the names of the children of STEVEN N.S. CHEUNG.

55.     On or about April 10, 1991, STEVEN N.S. CHEUNG caused the opening of an account at Daiwa Bank in Hong Kong, account number 850-108-013418, in the name of IMPERIAL WEST INCORPORATED.

56.     On or about June 22, 1993, STEVEN N.S. CHEUNG opened an account in his name at Daiwa Bank at Hong Kong, account 850-103-013703.

57.     On or about December 13, 1997, one or more conspirators opened a bank account at Daiwa Bank in Hong Kong, account 850-000-002882, in the names of STEVEN N.S. CHEUNG and S.L

**Filing of Reports of Foreign Bank and Financial Accounts**

58.     On or about the following dates, STEVEN N.S. CHEUNG caused the preparation of, and filed with the Internal Revenue Service, Reports of Foreign Bank and Financial Accounts, Forms TD F 90-22.1, on which he reported only one foreign bank account, and failed to report his financial interest in and signature or other authority over several additional foreign bank and financial accounts, including, among others, the accounts described herein, which had a total maximum value exceeding $10,000 during the calendar year:

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

|     | **Date** | **Calendar Year** |
|-----|----------|-------------------|
| a.  | August 19, 1992 | 1991 |
| b.  | June 1993 | 1992 |
| c.  | October 24, 1994 | 1993 |
| d.  | May 1, 1995 | 1994 |
| e.  | June 3, 1996 | 1995 |
| f.  | June 13, 1997 | 1996 |
| g.  | June 14, 1998 | 1997 |
| h.  | October 17, 2000 | 1999 |
| i.  | May 2001 | 2000 |

**Filing of Forms 1040, Schedules B, by LINDA SU CHEUNG·**

59.     On or about the following dates and in respect of the stated tax years, LINDA SU CHEUNG filed false Forms 1040, Schedules B, in which she answered "NO" to the question, "At any time during [the calendar year], did you have an interest in or a signature or other authority over a financial account in a foreign country, Such as a bank account, securities account, or other financial account?"; whereas, the Defendant did have signature or other authority over numerous bank accounts at Daiwa Bank in Hong Kong:

|     | **Date** | **Tax Year** |
|-----|----------|--------------|
| a.  | May 1, 1995 | 1994 |
| b.  | May 22, 1996 | 1995 |
| c.  | June 2, 1997 | 1996 |
| d.  | April 20, 1998 | 1997 |
| e.  | June 7, 1999 | 1998 |

**General Overt Acts**:

60.     On or about November 19, 1993, LINDA SU CHEUNG wrote check number 2133 that was drawn on an account at SeaFirst National Bank, in the names of the children of STEVEN N.S. CHEUNG, account number 87914438, in the amount of

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1 $8,011.22, payable to King County Finance to pay the property tax on the Defendants'
2 residence in Seattle.

3     61.    On or about the following dates, STEVEN N.S. CHEUNG caused the
4 transfer of moneys in the stated amounts from Daiwa Bank in Hong Kong to an account
5 in the name of his children at SeaFirst National Bank in Seattle, Washington, and caused
6 the sender's name to appear on wire transfer records as IMPERIAL WEST TRUST:

7     a.   November 16, 1993    USD$8,000.00
8     b.   May 2, 1994    USD$8,000.00
9     c.   January 18, 1995    USD$8,000.00
10     d.   September 14, 1995    USD$8,000.00

11     62.    On or about July 16, 1995, STEVEN N.S. CHEUNG caused the transfer of
12 USD$150,000.00 from Daiwa Bank in Hong Kong to SeaFirst National Bank in Seattle,
13 account number 62041314, an account in the name of WEST COAST LAND
14 INVESTMENTS, and he caused the name of the sender to appear on wire transfer
15 records as his brother.

16     63.    On or about January 31, 1996, a conspirator deposited HKD$773,500.00
17 in currency (equivalent to USD$100,000.00) into the account of S.T. at Daiwa Bank in
18 Hong Kong, account number 850-105-011722, and later caused the same-day transfer of
19 the funds to SeaFirst National Bank in Seattle, into an account in the name of the
20 daughter of STEVEN N.S. CHEUNG, account number 80938681.

21     64.    On or about December 19, 1996, STEVEN N.S. CHEUNG caused the
22 wire transfer of USD$1,188,456.26 from the account of WEST COAST
23 INTERNATIONAL LIMITED at Daiwa Bank in Hong Kong, account number
24 850-008-001888, to Chicago Title Company in Seattle, Washington, to purchase on his
25 behalf an ownership interest in the apartment building known as the University Heights
26 Apartments.

27     65.    In or around March of 1997, STEVEN N.S. CHEUNG took cash from the
28 parking lot receipts in Hong Kong in the amount of HKD$1,227,357 (USD$158,164).

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

66.     On or about March 27, 1997, STEVEN N.S. CHEUNG caused the wire transfer of USD$9,000.00 of currency from Daiwa Bank in Hong Kong to an account in the name of his children at SeaFirst National Bank in Seattle, account number 87914438.

67.     On or about April 1, 1997, STEVEN N.S. CHEUNG caused the transfer of USD$116,725.00 in currency from Daiwa Bank in Hong Kong to Banker's Trust Company in New York for the purchase of fine art from Christies New York.

68.     On or about July 14, 1997, STEVEN N.S. CHEUNG caused the transfer of HKD$13,180,433.35 (equivalent to USD$1,700,657.19) from the account of WEST COAST INTERNATIONAL LIMITED at Daiwa Bank in Hong Kong, account number 850-008-001888, to the account of IMPERIAL WEST INC. at Daiwa Bank, account number 850-108-013418.

69.     On or about July 14, 1997, STEVEN N.S. CHEUNG caused the transfer of USD$1,700,657.19 from the account of IMPERIAL WEST INC. at Daiwa Bank in Hong Kong, account number 850-108-013418, to Island Title Company to purchase waterfront property on his behalf in Anacortes, Washington.

70      On or about December 4, 1997, STEVEN N.S. CHEUNG caused the transfer of USD$9,000.00 from Daiwa Bank in Hong Kong to SeaFirst National Bank in Seattle, account number 87914438, and he caused the name of the sender to appear on wire transfer records as his brother, C.C.

71.     In or around December of 1997, STEVEN N.S. CHEUNG took cash from the parking lot receipts in Hong Kong in the amount of HKD$1,085,352 (equivalent to USD$139,864.00).

72.     On or about the following dates and in the amounts stated, STEVEN N.S. CHEUNG deposited, and caused the deposit of, cash to his personal accounts at Daiwa Bank, as follows:

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## COUNT 3
### (Filing a False and Fraudulent Income Tax Return)

75.     The allegations made in Count 1 are incorporated herein by reference, and this Count is further alleged as an overt act in furtherance of the Conspiracy charged in Count 1.

76.     On or about May 2, 1995, in the Western District of Washington, STEVEN N.S. CHEUNG, a United States citizen with a residence at Seattle, Washington, did willfully make and subscribe an U.S. Individual Income Tax Return (Form 1040), for the calendar year 1994, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to the following material matters:

      a.     the Form 1040, Line 12, reported no Business Income, whereas, as the Defendant then and there well knew and believed, he had substantial income from the operation of a business during 1994;

      b.     the Form 1040, Line 21, reported Other Income in the amount of ($69,986), whereas, as the Defendant then and there well knew and believed, he had other income substantially in excess of that amount; and

      c.     the Form 1040, Line 22, reported Total Income in the amount of $165,688, whereas, as the Defendant then and there well knew and believed, his total income was substantially in excess of that amount.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 4
### (Filing a False and Fraudulent Income Tax Return)

77.     The allegations made in Count 1 are incorporated herein by reference, and this Count is further alleged as an overt act in furtherance of the Conspiracy charged in Count 1.

1    78.    On or about June 4, 1996, in the Western District of Washington,

2  STEVEN N.S. CHEUNG, a United States citizen with a residence at Seattle,

3  Washington, did willfully make and subscribe an U.S. Individual Income Tax Return

4  (Form 1040), for the calendar year 1995, which was verified by a written declaration

5  that it was made under the penalties of perjury and was filed with the Internal Revenue

6  Service, which said income tax return he did not believe to be true and correct as to the

7  following material matters:

8    a    the Form 1040, Line 12, reported no Business Income, whereas, as

9    the Defendant then and there well knew and believed, he had substantial income

10    from the operation of a business during 1995;

11    b.    the Form 1040, Line 21, reported Other Income in the amount of

12    ($70,000), whereas, as the Defendant then and there well knew and believed, he

13    had other income substantially in excess of that amount; and

14    c.    the Form 1040, Line 22, reported Total Income in the amount of

15    $169,532, whereas, as the Defendant then and there well knew and believed, his

16    total income was substantially in excess of that amount.

17    All in violation of Title 26, United States Code, Section 7206(1).

18

19                          **COUNT 5**
                (Filing a False and Fraudulent Income Tax Return)

20    79.    The allegations made in Count 1 are incorporated herein by reference, and

21  this Count is further alleged as an overt act in furtherance of the Conspiracy charged in

22  Count 1.

23    80.    On or about June 16, 1997, in the Western District of Washington,

24  STEVEN N.S CHEUNG, a United States citizen with a residence at Seattle,

25  Washington, did willfully make and subscribe an U.S. Individual Income Tax Return

26  (Form 1040), for the calendar year 1996, which was verified by a written declaration

27  that it was made under the penalties of perjury and was filed with the Internal Revenue

28

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  Service, which said income tax return he did not believe to be true and correct as to the
2  following material matters:

3            a.      the Form 1040, Line 21, reported Other Income in the amount of
4  ($70,000), whereas, as the Defendant then and there well knew and believed, he
5  had other income substantially in excess of that amount; and

6            b.      the Form 1040, Line 22, reported Total Income in the amount of
7  $177,698, whereas, as the Defendant then and there well knew and believed, his
8  total income was substantially in excess of that amount.

9       All in violation of Title 26, United States Code, Section 7206(1).

10                          **COUNT 6**
                  **(Filing a False and Fraudulent Income Tax Return)**
11

12       81.    The allegations made in Count 1 are incorporated herein by reference, and
13  this Count is further alleged as an overt act in furtherance of the Conspiracy charged in
14  Count 1.

15       82.    On or about July 6, 1998, in the Western District of Washington,
16  STEVEN N.S. CHEUNG, a United States citizen with a residence at Seattle,
17  Washington, did willfully make and subscribe an U.S. Individual Income Tax Return
18  (Form 1040), for the calendar year 1997, which was verified by a written declaration
19  that it was made under the penalties of perjury and was filed with the Internal Revenue
20  Service, which said income tax return he did not believe to be true and correct as to the
21  following material matters:

22            a.      the Form 1040, Line 21, reported Other Income in the amount of
23  ($70,000), whereas, as the Defendant then and there well knew and believed, he
24  had other income substantially in excess of that amount; and

25            b.      the Form 1040, Line 22, reported Total Income in the amount of
26  $246,650, whereas, as the Defendant then and there well knew and believed, his
27  total income was substantially in excess of that amount.

28       All in violation of Title 26, United States Code, Section 7206(1).

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## COUNT 7
### (Filing a False and Fraudulent Income Tax Return)

83.     The allegations made in Count 1 are incorporated herein by reference, and this Count is further alleged as an overt act in furtherance of the Conspiracy charged in Count 1.

84.     On or about June 9, 1999, in the Western District of Washington, STEVEN N S. CHEUNG, a United States citizen with a residence at Seattle, Washington, did willfully make and subscribe an U.S. Individual Income Tax Return (Form 1040), for the calendar year 1998, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to the following material matters:

        a.      the Form 1040, Line 21, reported Other Income in the amount of ($72,000), whereas, as the Defendant then and there well knew and believed, he had other income substantially in excess of that amount; and

        b.      the Form 1040, Line 22, reported Total Income in the amount of $224,378, whereas, as the Defendant then and there well knew and believed, his total income was substantially in excess of that amount.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 8
### (Filing a False Foreign Bank Account Report)

85.     The allegations made in Count 1 are incorporated herein by reference, and this Count is further alleged as an overt act in furtherance of the Conspiracy charged in Count 1.

86      On or about June 3, 1996, in the Western District of Washington and elsewhere, the Defendant, STEVEN N.S. CHEUNG, who during 1995 was a citizen of the United States, willfully caused to be prepared and filed with the Secretary of the Treasury a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1, for the

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1   calendar year 1995, which was false in that it reported only one foreign bank account in
2   which the Defendant had a financial interest, and failed to report that the Defendant had
3   a financial interest in, and signature or other authority over, several additional bank,
4   securities, and financial accounts in a foreign country, namely Hong Kong, which had a
5   total maximum value exceeding $10,000 during 1995 including, but not limited to, the
6   following accounts:

7       a.      the Daiwa Bank accounts of WEST COAST INTERNATIONAL
8               LIMITED, IMPERIAL WEST INCORPORATED, and STEVEN N.S.
9               CHEUNG, in Hong Kong; and

10      b.      the Hang Seng Bank account of WEST COAST INTERNATIONAL
11              (PARKING) LIMITED, in Hong Kong.

12      87.     The Defendant willfully filed said false report while violating other laws
13   of the United States, to wit: Title 18, United States Code, Section 371, and Title 26,
14   United States Code, Section 7206(1).

15      All in violation of Title 31, United States Code, Sections 5314 and 5322, and
16   Title 31, Code of Federal Regulations, Sections 103.24, 103.27, and 103.59.

17
18                                  **COUNT 9**
                        **(Filing a False Foreign Bank Account Report)**
19

20      88.     The allegations made in Count 1 are incorporated herein by reference, and
21   this Count is further alleged as an overt act in furtherance of the Conspiracy charged in
22   Count 1

23      89.     On or about June 13, 1997, in the Western District of Washington, and
24   elsewhere, the Defendant, STEVEN N.S. CHEUNG, who during 1996 was a citizen of
25   the United States, willfully caused to be prepared and filed with the Secretary of the
26   Treasury a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1, for the
27   calendar year 1996, which was false in that it reported only one foreign bank account in
28   which the Defendant had a financial interest, and failed to report that the Defendant had

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1   a financial interest in, and signature or other authority over, several additional bank,

2   securities, and financial accounts in a foreign country, namely Hong Kong, which had a

3   total maximum value exceeding $10,000 during 1996 including, but not limited to, the

4   following accounts:

5       a.      the Daiwa Bank accounts of WEST COAST INTERNATIONAL

6       LIMITED, IMPERIAL WEST INCORPORATED, and STEVEN N.S.

7       CHEUNG, in Hong Kong; and

8       b.      the Hang Seng Bank account of WEST COAST INTERNATIONAL

9       (PARKING) LIMITED, in Hong Kong.

10      90.     The Defendant willfully filed said false report while violating other laws

11  of the United States, to wit: Title 18, United States Code, Section 371, and Title 26,

12  United States Code, Section 7206(1).

13      All in violation of Title 31, United States Code, Sections 5314 and 5322, and

14  Title 31, Code of Federal Regulations, Sections 103.24, 103.27, and 103.59.

15

16                              **COUNT 10**
                    **(Filing a False Foreign Bank Account Report)**

17

18      91.     The allegations made in Count 1 are incorporated herein by reference, and

19  this Count is further alleged as an overt act in furtherance of the Conspiracy charged in

20  Count 1.

21      92.     On or about June 14, 1998, in the Western District of Washington, and

22  elsewhere, the Defendant STEVEN N.S. CHEUNG, who during 1997 was a citizen of

23  the United States, willfully caused to be prepared and filed with the Secretary of the

24  Treasury a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1, for the

25  calendar year 1997, which was false in that it reported only one foreign bank account in

26  which the Defendant had a financial interest, and failed to report that the Defendant had

27  a financial interest in, and signature or other authority over, several additional bank,

28  securities, and financial accounts in a foreign country, namely Hong Kong, which had a

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  total maximum value exceeding $10,000 during 1997 including, but not limited to, the

2  following accounts:

3       a.      the Daiwa Bank accounts of WEST COAST INTERNATIONAL

4       LIMITED, IMPERIAL WEST INCORPORATED, and STEVEN N.S.

5       CHEUNG, in Hong Kong; and

6       b.      the Hang Seng Bank account of WEST COAST INTERNATIONAL

7       (PARKING) LIMITED, in Hong Kong.

8       93.     The Defendant willfully filed said false report while violating other laws

9  of the United States, to wit: Title 18, United States Code, Section 371, and Title 26,

10 United States Code, Section 7206(1).

11      All in violation of Title 31, United States Code, Sections 5314 and 5322, and

12 Title 31, Code of Federal Regulations, Sections 103.24, 103.27, and 103.59.

13

14                          **COUNT 11**
                  **(Failing to File a Foreign Bank Account Report)**

15

16      94.     The allegations made in Count 1 are incorporated herein by reference, and

17 this Count is further alleged as an overt act in furtherance of the Conspiracy charged in

18 Count 1.

19      95.     On or about January 1, 1999, and continuing to on or about June 30, 1999,

20 in the Western District of Washington, and elsewhere, the Defendant STEVEN N.S.

21 CHEUNG, who during 1998 was a citizen of the United States, willfully failed to file

22 with the Secretary of the Treasury a Report of Foreign Bank and Financial Accounts,

23 Form TD F 90-22.1, for the year 1998, and failed to report that he Defendant had a

24 financial interest in, and signature or other authority over, several bank, securities, and

25 financial accounts in a foreign country, namely Hong Kong, which had a total maximum

26 value exceeding $10,000 during 1998 including, but not limited to, the following

27 accounts:

28

INDICTMENT/STEVEN N S. CHEUNG and LINDA SU CHEUNG - 25

1     a.     the Daiwa Bank accounts of WEST COAST INTERNATIONAL

2     LIMITED, IMPERIAL WEST INCORPORATED, and STEVEN N.S.

3     CHEUNG, in Hong Kong; and

4     b.     the Hang Seng Bank account of WEST COAST INTERNATIONAL

5     (PARKING) LIMITED, in Hong Kong.

6     96     The Defendant willfully failed to file such a report while violating other

7     laws of the United States, to wit: Title 18, United States Code, Section 371, and Title 26,

8     United States Code, Section 7206(1).

9     All in violation of Title 31, United States Code, Sections 5314 and 5322, and

10    Title 31, Code of Federal Regulations, Sections 103.24, 103.27, and 103.59.

11
                                 **COUNT 12**
12                   **(Filing a False Foreign Bank Account Report)**

13    97.     The allegations made in Count 1 are incorporated herein by reference, and

14    this Count is further alleged as an overt act in furtherance of the Conspiracy charged in

15    Count 1.

16    98.     On or about October 17, 2000, in the Western District of Washington, and

17    elsewhere, the Defendant STEVEN N.S. CHEUNG, who during 1999 was a citizen of

18    the United States, willfully caused to be prepared and filed with the Secretary of the

19    Treasury a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1, for the

20    calendar year 1999, which was false in that it reported only one foreign bank account in

21    which the Defendant had a financial interest, and failed to report that the Defendant had

22    a financial interest in, and signature or other authority over, several additional bank,

23    securities, and financial accounts in a foreign country, namely Hong Kong, which had a

24    total maximum value exceeding $10,000 during 1999 including, but not limited to, the

25    following accounts:

26    a.     the Daiwa Bank accounts of WEST COAST INTERNATIONAL

27    LIMITED, IMPERIAL WEST INCORPORATED, and STEVEN N.S

28    CHEUNG, in Hong Kong; and

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

b      the Hang Seng Bank account of WEST COAST INTERNATIONAL
(PARKING) LIMITED, in Hong Kong.

99.     The Defendant willfully filed said false report while violating other laws
of the United States, to wit: Title 18, United States Code, Section 371, and Title 26,
United States Code, Section 7206(1).

All in violation of Title 31, United States Code, Sections 5314 and 5322, and
Title 31, Code of Federal Regulations, Sections 103.24, 103.27, and 103.59.

**COUNT 13**
**(Filing a False Foreign Bank Account Report)**

100.    The allegations made in Count 1 are incorporated herein by reference, and
this Count is further alleged as an overt act in furtherance of the Conspiracy charged in
Count 1

101.    In or around May 2001, in the Western District of Washington, and
elsewhere, the Defendant STEVEN N.S. CHEUNG, who during 2000 was a citizen of
the United States, willfully caused to be prepared and filed with the Secretary of the
Treasury a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1, for the
calendar year 2000, which was false in that it reported only one foreign bank account in
which the Defendant had a financial interest, and failed to report that the Defendant had
a financial interest in, and signature or other authority over, several additional bank,
securities, and financial accounts in a foreign country, namely Hong Kong, which had a
total maximum value exceeding $10,000 during 2000 including, but not limited to, the
following accounts:

a.      the Daiwa Bank accounts of WEST COAST INTERNATIONAL
LIMITED, IMPERIAL WEST INCORPORATED, and STEVEN N.S.
CHEUNG, in Hong Kong; and

b.      the Hang Seng Bank account of WEST COAST INTERNATIONAL
(PARKING) LIMITED, in Hong Kong.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1       102.   The Defendant willfully filed said false report while violating other laws

2 of the United States, to wit: Title 18, United States Code, Section 371, and Title 26,

3 United States Code, Section 7206(1).

4       All in violation of Title 31, United States Code, Sections 5314 and 5322, and

5 Title 31, Code of Federal Regulations, Sections 103.24, 103.27, and 103.59.

6                         A TRUE BILL:

7                         DATED: 1/28/03

8

9                         _____

                          FOREPERSON

10

11

12

13 JOHN McKAY

   United States Attorney

14

15

16 SUSAN M. HARRISON

   Assistant United States Attorney

17

18

19 JANET FREEMAN

20 Assistant United States Attorney

21

22

23

24

25

26

27

28

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970